UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Civil Action No.** |
| | : | **1:13-CV-1598-RCL** |
| | : | |
| YUHE INTERNATIONAL, INC., | : | |
| | : | |
| and | : | |
| | : | |
| GAO ZHENTAO, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## [~~PROPOSED~~] CORRECTED FINAL JUDGMENT AGAINST DEFENDANT GAO ZHENTAO

The Clerk of the Court having entered a default against Defendant Gao Zhentao ("Defendant"); the Securities and Exchange Commission (the "Commission") having filed a Motion for Default Judgment Against Defendant Gao Zhentao, with attached Exhibit, and a supporting memorandum of law; and for good cause shown:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

            (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

2

(c)      to engage in any act, practice, or course of business which operates or

would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder

[17 C.F.R. § 240.13b2-1] by:

(a)      knowingly circumventing or knowingly failing to implement a system of

internal accounting controls of a securities issuer, or knowingly falsifying books,

records, or accounts described in Section 13(b)(2) of the Exchange Act [15 U.S.C.

§§ 78m(b)(2)] of a securities issuer; or

(b)      directly or indirectly, falsifying, or causing to be falsified, books or

records of a securities issuer subject to Section 13(b)(2)(A) of the Exchange Act

[15 U.S.C. §§ 78m(b)(2)(A)].

3

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

14(a) of the Exchange Act [15 U.S.C. §78n(a)] and Rules 14a-3 and 14a-9 promulgated

thereunder [17 C.F.R. §§ 240.14a-3 and 240.14a-9] by use of the means or instrumentalities of

interstate commerce or of the mails, or of the facilities of a national securities exchange or

otherwise, solicited or permitted the use of their names to solicit proxies, consents or

authorizations in respect of non-exempt securities registered pursuant to Section 12 of the

Exchange Act [15 U.S.C. § 78l], by means of a proxy statement that contained statements which,

at the time and in light of the circumstances under which they were made, were false and

misleading with respect to material facts, or which omitted to state material facts necessary in

order to make the statements therein not false or misleading, or necessary to correct statements in

earlier communications with respect to the proxy solicitation which had become false or

misleading.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly,

4

Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by falsely making a certification required by Exchange Act Rule 13a-14.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by knowingly or with severe recklessness providing substantial assistance to an issuer of a security registered pursuant to Section 12 of the Exchange Act, that filed reports with the Commission that contained materially false and misleading information.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by knowingly or with severe recklessness providing substantial assistance to an issuer of a security registered pursuant to Section 12 of the Exchange Act, that:

5

(a) failed to make and keep books, records and accounts, which, in reasonable detail, accurately and fairly reflected the issuer's transactions and dispositions of its assets; or

(b) failed to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions were: (a) executed in accordance with management's general or specific authorization; and (b) recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and/or Section 21(d)(2) of the Exchange Act [15 U S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $12,100,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,053,980.07, is jointly and severally liable for Defendant Yuhe International, Inc.'s disgorgement in this case of $27,000,000.00, together with prejudgment interest thereon in the

amount of $3,553,787.45, and a civil penalty in the amount of $ 27,000,000 pursuant to Section

20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.  Defendant shall satisfy

this obligation by paying $71,707,767.52 to the Securities and Exchange Commission within 14

days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Gao Zhentao, as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

7

interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

8

to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

*Plaintiff's motion to alter/amend 2/6] is GRANTED.*

Dated: ___*May 11*___, 2015

_____
HONORABLE ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

9